UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 11-141(1) (PAM) |
| Plaintiff, | |
| v. | **ORDER** |
| Frank Elroy Vennes, Jr., | |
| Defendant. | |

This matter is before the Court on Defendant Frank Vennes's renewed Motion to modify his sentence. (Docket No. 605.) The Court's previous Order outlines the history of Vennes's crimes and sentence. (Docket No. 587.) On April 1, 2020, the Court denied his first Motion to modify his sentence. (Id.) Vennes renews that Motion, again claiming that the current COVID-19 pandemic constitutes an extraordinary circumstance that calls for the Court releasing him to home confinement. The Government opposes the Motion, arguing that Vennes does not warrant such extraordinary relief.

Because Vennes sought administrative review with the Bureau of Prisons, the Motion is now properly before the Court. See id. § 3582(c)(1)(A). The Warden at FTC Oklahoma City, the facility in which Vennes is currently held, reviewed his reduction in sentence application, and found that it was without merit. (Docket No. 625.)

Vennes first contends that the presence of COVID-19 in FTC Oklahoma City warrants compassionate release. The BOP website shows that 51 inmates and 3 staff have tested positive for the virus at FTC Oklahoma City. Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last accessed June 8, 2020). But the presence of COVID-19 in the facility does not alone justify release to home confinement. FTC Oklahoma City is taking significant steps to isolate and quarantine infected inmates and staff, as well as those showing symptoms of COVID-19. (Chopan Decl. (Docket No 624) at ¶ 22.) As the Court previously stated, to warrant such relief, Vennes must show more than a mere speculation of the possibility of contracting the virus.

Vennes cites health conditions that he claims increase his susceptibility to COVID-19, namely hypertension, hyperlipidemia, psoriasis, psoriatic arthritis, rheumatoid arthritis, obesity, a pacemaker, and that a portion of his left lung has been removed. But the BOP medical doctor who reviewed Vennes's chart in April 2020 noted that his medical conditions were "stable" and that there was "[n]o indication or documentation of being immnuocompr[om]ised." (Docket No. 626 at 3.) Further, the Court considered Vennes's medical conditions at sentencing. (Sentencing Tr. (Docket No. 367) at 36.)

Vennes is currently at FTC Oklahoma City because he and his wife initiated a tax case in Minnesota and the court required the BOP to transport him from FCI Butner so that he could make an appearance in the tax case. (Gov't Opp'n Mem. (Docket No. 623) at 3.) And when seeking transport to Minnesota, Vennes averred in his Motion for Writ of Habeas Corpus ad Testificandum that he did not have any health concerns that would make his transport difficult. (Id.) Therefore, his current contention that his ill health warrants

immediate release is tenuous at best.  Vennes has not established that he is not receiving necessary medical care or that he is unable to care for himself in prison.  See U.S.S.G. § 1B1.13, application note 1(A).

Even if Vennes's medical conditions might warrant compassionate release, the Court must also find that reducing his sentence would be prudent in light of the sentencing factors in 18 U.S.C. § 3553(a).  In imposing a sentence on Vennes, Judge Richard H. Kyle found that Vennes "is the type of individual who has shown his ability to commit crimes one time and not learn a lesson from it and come back and commit similar crimes as he has done here." (Sentencing Tr. at 32.)  Vennes was previously convicted for fraud and yet went on to play a significant role in the large-scale Petters fraud, for which he is now imprisoned; he thus poses a risk to the community.  See 18 U.S.C. § 3582(c).  Indeed, Judge Kyle stated that he would have sentenced Vennes to a longer term of imprisonment were he not bound by the statutory maximum sentence.  (Order (Docket No. 410) at 26–27.)  Vennes has not established any change in circumstance that would warrant the Court reconsidering its previous decision in the matter.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's renewed Motion to reduce his sentence (Docket No. 605) is **DENIED**;

2. The Government's Motion to file documents under seal (Docket No. 627) is **GRANTED**;

3. Defendant's Motions to file documents under seal (Docket No. 629, 635) are **GRANTED**; and

4. Defendant's Motion to appoint counsel (Docket No. 632) is **GRANTED**.

Dated:  June 9, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge